UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

RAFFAELINA IANNOTTA,

    Plaintiff,

v.

**JURY TRIAL DEMANDED**

L'OLIVO SOUTH AVENUE, LLC, a Florida limited liability company d/b/a L'OLIVO RISTORANTE, GEORGE SALAMA, an individual, FEIBI GOUDA, an individual, and GERGES ESKANDR, an individual

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, RAFFAELINA IANNOTTA, ("IANNOTTA"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, L'OLIVO SOUTH AVENUE, LLC, a Florida limited liability company d/b/a L'OLIVO RISTORANTE (hereinafter "L'OLIVO"), GEORGE SALAMA, an individual, FEIBI GOUDA, an individual, and GERGES ESKANDR, and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and to address the retaliatory discharge of Plaintiff in violation of the FLSA, 29 U.S.C. § 215.

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, the corporate Defendant, L'OLIVO SOUTH AVENUE, LLC was an enterprise engaged in interstate commerce. At all

times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated a restaurant in Naples, Florida called "L'Olivo Ristorante." Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included food, drinks, condiments, supplies, technology, paper, and other materials necessary for the operation of a restaurant.

4. During the relevant time period, Defendants employed at least ten other persons, besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included food, drinks, condiments, supplies, technology, paper, and other materials necessary for the operation of a restaurant.

5. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis every week. The Plaintiff used instrumentalities of interstate commerce (telephone/internet/broadband) to, *inter alia,* assist in the operating of the Defendants' restaurant.

6. During the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 in accordance with §203(s)(1)(A)(ii).

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

9. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida; and,

   b. Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, IANNOTTA, was and continues to be a resident of Collier County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, corporate Defendant, L'OLIVO, was conducting business in Collier County, Florida. Plaintiff performed work at 651 5th Avenue South, Naples, FL 34102.

12. At all times material, GEORGE SALAMA was a resident of Collier County, Florida.

13. At all times material, FEIBI GOUDA was a resident of Collier County, Florida.

14. At all times material, GERGES ESKANDR was a resident of Collier County, Florida.

15. At all times material hereto, Plaintiff, IANNOTTA, was an "employee" of the Defendants within the meaning of the FLSA.

16. At all times material hereto, Defendants were the employers of Plaintiff.

17. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

18. At all times material hereto, Defendants knowingly, willfully and maliciously failed to pay Plaintiff, IANNOTTA her lawfully earned wages in conformance with the FLSA.

19. At all times material hereto, the corporate Defendant, L'OLIVO was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiff, IANNOTTA was directly essential to the business performed by the Defendants.

21. Plaintiff, IANNOTTA has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

22. On or about December 23, 2018, Plaintiff, IANNOTTA began working at the Defendants' restaurant at 651 5th Avenue South, Naples, FL 34102.

23. While employed for the Defendants as a cook, often worked in excess of 40 hours per week.

24. During the Plaintiff's employment with the Defendants, she would frequently work between 60 and 90 hours per week.

25. Although the Plaintiff worked in excess of 40 hours, the Defendants failed to pay her at the rate of time-and-one-half her regular hourly rate of pay.

26. During the period of the Plaintiff's employment, her daughter, Jessica Hendawi, also worked for the Defendants' and the subject restaurant as a tipped employee (server and/or busser).

27. At all times material hereto, the Defendants were aware Jessica Hendawi was the Plaintiff's daughter.

28. Throughout the employment of Jessica Hendawi, the Defendants would cause their restaurant manager, Ademar Camilette to delete work hours of their restaurant employees, including but not limited to Jessica Hendawi. As a result, Plaintiff's daughter, Jessica Hendawi as well as other workers, were denied both overtime and minimum wages by the Defendants.

29. During the period of both the Plaintiff and her daughter's employment, L'OLIVO also would fail to pay the employees promptly. L'OLIVO frequently paid the subject restaurant's workers in arrears, handing them paychecks that were weeks or months old, thereby violating the FLSA's prompt payment requirements.

30. On or about September 6, 2022, Jessica Hendawi, through an attorney, sent a demand letter to the Defendants. In that letter, Jessica Hendawi made a written complaint about the Defendants' violation of the FLSA's overtime and minimum wage requirements.

31. On or about September 18, 2022, Plaintiff, IANNOTTA, was given L'OLIVO's weekly work schedule for the coming week. Although Plaintiff, IANNOTTA, had worked for the Defendants since about December 23, 2018, the Defendants caused Plaintiff to be removed from the work schedule so that the Plaintiff could no longer earn any wages.

32. On September 19, 2022, the Plaintiff IANNOTTA contacted the Defendants about the fact that she had been removed from the schedule. The Plaintiff was informed that she could no longer work for the Defendants because her daughter, Jessica Hendawi, made a complaint about the Defendants' violations of the FLSA. The Plaintiff was told she could no longer work at L'OLIVO unless her daughter, Jessica Hendawi, dropped her FLSA claims against the Defendants.

33. As a result, of Jessica Hendawi making FLSA claims against the Defendants, Plaintiff, IANNOTTA, was terminated.

34. The Plaintiff, IANNOTTA's last day of work for the Defendants was September 17, 2022.  The Plaintiff was not permitted by Defendants to come back to work.

35.  The Defendants terminated Plaintiff, IANNOTTA and retaliated against her because *her daughter*, Jessica Hendawi, engaged in FLSA protected activity—namely, making a written complaint of the Defendant's violations of federal and state wage & hour laws.

36. Plaintiff's daughter, Jessica Hendawi, engaged in statutorily protected activity and was an "employee" as defined by the FLSA.

37. While employed, L'OLIVO failed to pay the Plaintiff overtime wages at the rate of time-and-one-half for all hours worked.

38. Defendants knowingly operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff and other employees.

39. Throughout her employment with the Defendants, the Plaintiff complained that the Defendants failed to pay the Plaintiff overtime wages.

40. Defendants, GEORGE SALAMA, FEIBI GOUDA, and GERGES ESKANDR were supervisors and manager/owners who were involved in the day-to-day operations of L'OLIVO and/or were directly responsible for the supervision of Plaintiff.  Therefore, they are personally liable for the FLSA violations.

41. Defendants, GEORGE SALAMA, FEIBI GOUDA, and GERGES ESKANDR were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

42. The Defendants' termination of Plaintiff was a result of the Plaintiff's daughter having engaged in an FLSA protected activity—namely, complaining about Defendants' failure to pay wages consistent with the FLSA as well as Florida's minimum wage laws.

43. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

44. Plaintiff realleges Paragraphs 1 through 43 as if fully stated herein.

45. During Plaintiff's employment with Defendants, in addition to Plaintiff's regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

46. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

47. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

48. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

49. Defendants knew of and/or showed a disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52. Due to the intentional and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

53. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### RETALIATION IN VIOLATION OF 29 U.S.C. § 215

54. Plaintiff, IANNOTTA realleges Paragraphs 1 through 43 as if fully stated herein.

55. The Plaintiff's daughter engaged in statutorily protected activity when on September 6, 2022 she complained to the Defendants in writing about their failure to comply with the FLSA and Florida's minimum wage requirements.

56. Pursuant to 29 U.S.C. § 215, Plaintiff's daughter was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

57. A causal link exists between the Defendants' decision to terminate IANNOTTA on or about September 18, 2022 and IANNOTTA's daughter, Jessica Hendawi engaging in activities protected by the FLSA.

58. Defendants' actions insofar as retaliating against and terminating the Plaintiff as set forth herein were not for legitimate, non-retaliatory reasons.

WHEREFORE, Plaintiff, IANNOTTA, respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants retaliated against Plaintiff, IANNOTTA because her daughter asserted and engaged in activities protected by the FLSA;

b. Declaring that Defendants violated 29 U.S.C. § 215;

c. Awarding Plaintiff, IANNOTTA, back pay and front pay (through age 65), respectively, in the amount calculated;

d. Awarding Plaintiff liquidated damages in the amount calculated;

e. Awarding Plaintiff post-judgment interest;

9

f. Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA;

h. Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

i. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff's demand trial by jury on all issues so triable as of right by jury.

Dated:  September 21, 2022.

                Respectfully submitted,

                BOBER & BOBER, P.A.
                Attorneys for Plaintiff
                2699 Stirling Road, Suite A-304
                Hollywood, Florida  33312
                Telephone: (954) 922-2298
                Facsimile: (954) 922-5455
                peter@boberlaw.com

                By: s/.  *Peter J. Bober, Esq.*
                    FBN: 0122955