UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFFAELINA IANNOTTA,

     Plaintiff,

v.                              Case No.:  2:22-cv-608-JLB-KCD

L'OLIVO SOUTH AVENUE, LLC,
GEORGE SALAMA, FEIBI
GOUDA and GERGES ESKANDR,

        Defendants.

_____/

## ORDER

Before the Court is Plaintiff Raffaelina Iannotta's Motion to Compel Compliance with Court's FLSA Fast-Track Order and to Extend Deadlines. (Doc. 25).[1] Defendant L'Olivo South Avenue, LLC responded (Doc. 31), making this matter ripe. For the reasons below, Iannotta's motion is denied.

### I. Background

At one point, Defendants employed Iannotta as a cook in their restaurant. (Doc. 1 ¶ 23; Doc. 12 ¶ 23.) But their relationship soured, and Iannotta sued claiming Defendants fired her and failed to pay her overtime in

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

violation of the Fair Labor Standards Act. (Doc. 1 ¶¶ 1, 47, 57.) The Court entered a scheduling order requiring the parties to produce certain items:

> Plaintiff: All documents in Plaintiff's possession, custody or control that pertain to the unpaid wages claimed in the Complaint.
>
> Defendant: All time sheets and payroll records in Defendant's possession, custody or control that pertain to work performed by Plaintiff during the time period for which Plaintiff claims unpaid wages.

(Doc. 18 at 1-2.) Defendants produced some time and payroll records, but when the production deadline passed, Iannotta believed many documents were still missing. (Doc. 25 at 3.) According to Plaintiff, "no wage records were received for":

1. The entire period of December 2019 to September 20, 2020;
2. The period covering July 17, 2022 to about July 30, 2022;
3. The period covering January 1, 2022 to January 30, 2022;
4. The period covering January 1, 2021 to February 28, 2021;
5. The period covering March 1 to 15, 2021;
6. The period covering April 1 to 15, 2021;
7. The period covering August 1 to 30, 2021;
8. The period covering Sept. 15 to 30, 2021;
9. The period covering October 1, 2021 to October 15, 2021;
10. The period covering December 16, 2020 to December 31, 2021;
11. The period covering October 5, 2020 to October 18, 2020;

(*Id.* at 2.)

The parties discussed these missing documents on several occasions, each time resolving that Defendants would continue to search for responsive records. (*Id.* at 3-4.) Unsatisfied with these efforts, Iannotta is now asking the

Court to compel Defendants to respond with the discovery or a reason they don't have it. (*Id.* at 6.)

## II. Discussion

The Court's scheduling order requires Defendants to produce all relevant documents in their "possession, custody or control." (Doc. 18 at 1-2.) Defendants must also "ensure[ ] a reasonable inquiry with those persons and a reasonable search of those places likely to result in the discovery of responsive documents." Middle District Discovery Handbook § III(A)(5). Whether Defendants have control over responsive records is a broad inquiry. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."). But it is Iannotta's burden to prove that Defendants failed to produce documents in their control. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557-T-27EAJ, 2013 WL 12156100, at *4 (M.D. Fla. Dec. 13, 2013). She does not even make such an allegation, much less a proper showing.

There is no claim that Defendants still have pertinent records in their possession, custody, or control. Nor does Iannotta allege they failed to make a reasonable inquiry. She identifies what documents she thinks are missing, but boiled down her argument is just this:

> Despite the passage of nearly *two months* after the Court's December 6, 2022 deadline, the subject missing records (or an explanation of where they went)

> still elude the Plaintiff. Moreover, the Defendants
> have not sought an extension of the Court's December
> 6, 2022 deadline. The Defendant should be compelled
> to respond.

(Doc. 25 at 4.) In response, Defendants say their records have been difficult to

obtain because of flooding from Hurricane Ian. (Doc. 31 at 3.) But they now

affirm that they "have complied with the FLSA Scheduling Order by making a

diligent inquiry and producing all time sheets and pay records in their

possession, custody, or control." (*Id.* at 5.) Iannotta has not shown otherwise,

and the Court cannot compel Defendants to produce documents that don't

exist. *See, e.g.*, *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-

CIV, 2014 WL 6473232, at *5 (S.D. Fla. Nov. 18, 2014).

Iannotta also insists on an explanation for the missing documents. She

goes so far as to request "a binding stipulation . . . that there are no other

records that would be covered by the Court's FLSA Order." (Doc. 25 at 4.) But

this is not required by the scheduling order, the Discovery Handbook, or the

Federal Rules of Civil Procedure. Such a statement is needed only when no

responsive records have been found. Middle District Discovery Handbook §

III(A)(5)(e). Iannotta can rest assured that Defendants are under a continuing

obligation to serve her with any responsive records they uncover. *Id.* § III(A)(9).

Indeed, they have already done so at least once. (*See* Doc. 31 at 3.)

One last thing. Iannotta claims this dispute left her unable to schedule mediation by the deadline. In a recent order, the Court said it will reset the mediation deadline once it addressed this motion. (Doc. 30.) Thus, Iannotta's concerns about mediation are moot.

Accordingly, it is now **ORDERED**:

1.      Plaintiff's Motion to Compel Compliance with Court's FLSA Fast-Track Order and to Extend Deadlines (Doc. 25) is **DENIED**.

2.      The Court will reset any necessary deadlines, including for mediation, in a forthcoming order.

**ENTERED** in Fort Myers, Florida on March 11, 2023.


Kyle C. Dudek
United States Magistrate Judge