UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFFAELINA IANNOTTA,

    Plaintiff,

v.                                      Case No.:  2:22-cv-608-KCD

L'OLIVO SOUTH AVENUE, LLC,
GEORGE SALAMA, FEIBI
GOUDA and GERGES ESKANDR,

    Defendants.
_____/

## **ORDER**

Plaintiff sues her former employer and its owners (collectively "Defendants") under the Fair Labor Standards Act. (*See* Doc. 1.) The complaint seeks unpaid wages plus liquidated damages and attorneys' fees. (*Id.*)

The parties now move the Court to approve their settlement. (Doc. 88.) They explain that several issues were disputed, litigating the case would be expensive and time consuming, and a bona fide dispute existed that led both sides to conciliation. Thus, according to the parties, the settlement is a reasonable and fair compromise. As for specifics, Defendants have agreed to pay $40,000.00 to settle all outstanding claims. Defendants will also pay Plaintiffs' counsel $12,827.37 for fees and costs. (*Id.*)

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).[1] If an FLSA violation is shown, the employer must generally pay the damaged employee unpaid wages, an equal amount as liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 216(b).

Following the Eleventh Circuit's decision in *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts in this district have taken the view that "suits to recover back wages under the FLSA may be settled only with the approval of the district court." *Flood v. First Fam. Ins., Inc.*, 514 F. Supp. 3d 1384, 1386 (M.D. Fla. 2021). The facts in *Lynn's Food* were unique, and it's not clear that the holding was meant to sweep so broadly. *See, e.g.*, *Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *3 (D. Colo. Feb. 11, 2019). But regardless of how *Lynn's Food* should be viewed, neither party is questioning its applicability here. Accordingly, the Court will go forward under the assumption that it must approve the settlement.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Under *Lynn's Food* and its progeny, the parties to an FLSA settlement must present their agreement for a fairness evaluation. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g.*, *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013). There is no standard test or benchmark to measure a settlement's fairness. Courts instead look to a variety of factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of Ala. Nat. Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that the parties reached a fair agreement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Based on the parties' representations and a review of the docket, the Court finds that the agreement is a fair and reasonable compromise of a disputed claim. Plaintiff was represented by experienced counsel who had sufficient time and information to evaluate the potential risks and benefits of settlement. While denying liability, and raising the specter of several defenses, Defendants have agreed to pay a significant sum to settle the claims. (*See* Doc. 88.)

There is no stated or apparent collusion. Without a settlement, the parties would need to continue discovery, possibly engage in dispositive motion practice, and proceed to trial, and Plaintiff would risk receiving nothing. The parties and their counsel believe this is a reasonable settlement.

Regarding attorney's fees and costs, given the parties' representation that they agreed on these sums separately from the damages, the Court need not undertake a lodestar review. Moreover, the fees and costs appear reasonable considering the docket and alleged time expended in the case. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The settlement agreement contains a limited release, which is appropriate in these circumstances. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). Further, there are no other terms that courts have flagged as unenforceable, such as a confidentiality provision, *see, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010), a non-disparagement clause, s*ee, e.g.*, *Loven v. Occoquan Grp. Baldwin Park Corp.*, No. 6:14-CV-328-ORL-41, 2014 WL 4639448, at *3 (M.D. Fla. Sept. 16, 2014), or a no-reemployment provision, *see, e.g.*, *Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 WLS, 2013 WL 5933991, at *5 (M.D. Ga. Nov. 1, 2013).

Finally, the parties ask the Court to "retain jurisdiction to enforce the settlement until October 15, 2024, which is after the deadline for Defendants to have completed the settlement installment payments." (Doc. 88 at 2.) While

the Court is typically hesitant of such requests, it will retain jurisdiction here to foster the resolution of this otherwise contentious case.

Accordingly, the Court:

1. **GRANTS** the parties' Joint Motion for Settlement Approval and Dismissal with Prejudice (Doc. 88);

2. This matter is **DISMISSED WITH PREJUDICE**;

3. The Clerk is directed to enter judgment and close the case; and

4. The Court retains jurisdiction to enforce the settlement as noted above. If a dispute arises regarding the settlement, the parties are directed to file a motion alerting the Court to the same.

**ORDERED** in Fort Myers, Florida this September 15, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record